GARDEN, JUDGE:
These five claims were consolidated for hearing purposes, and this Opinion will address itself to each claim in alphabetical order.
(No. CC-77-130a)
The claimant had been requested by respondent to deliver and install carpeting in an office of respondent in property located on Washington Street which was being rented by respondent from a private owner. In September of 1976, the respondent rescinded the order, but not before the claimant had purchased material and expended labor in a total amount of $1,580.00.
At the hearing it was agreed that the respondent was prohibited by Regulation 3.01 from entering into such a contract by reason of the fact that the offices where the improvements were to be installed were leased premises, and the claimant, by counsel, thereupon advised the Court that it desired to withdraw its claim, and the claim was thereupon dismissed.
(No. CC-77-103b)
While claimant was performing a contract for respondent at the Industrial School for Boys at Neola, West Virginia, the respondent’s O. V. Wright, Supervisor of Maintenance, requested *90 claimant to change some electrical wiring in a newly constructed building. This additional work was to be done for $4,300.00, and it was represented to claimant that a change order would be issued covering this additional item of cost. The necessary material and labor were furnished by claimant and the work was completed. Thereafter, the change order was requested, but the same was not approved.
Respondent, in its Answer, admits that it ordered and received the work described in the requested change order, and that the amount of $4,300.00 is due and owing to the claimant. Accordingly, we hereby make an award in favor of the claimant in the amount of $4,300.00.
(No. CC-77-130c)
While claimant was engaged in the performance of a contract at respondent’s Industrial Home for Girls at Salem, West Virginia, the respondent’s O. V. Wright, Supervisor of Maintenance, requested claimant to install some 526 yards of fire-rated carpeting and padding at a cost of $2,630.00, and it was represented that this expense would be handled by the issuance of a change order. After the carpeting was installed, a change order was submitted but was refused.
Respondent, in its Answer, admits that it ordered and received the carpeting, and that the amount of $2,630.00 is due and owing the claimant. We therefore make an award in favor of the claimant in the amount of $2,630.00.
(No. CC-77-103d)
In 1976, the Legislature had appropriated $88,000.00 to cover the cost of conducting extensive renovations at Sutton Hall Cottage, which is one of the buildings at respondent’s Industrial School for Girls at Salem, West Virginia. O. V. Wright, who at the time was respondent’s Supervisor of Maintenance, requested estimates for this work from several contractors, and the estimates so received well exceeded the appropriate $88,000.00. O. V. Wright testified that it therefore became necessary for him to delete some of the work originally included in the Request for Quotations, and that he therefore deleted the originally included fluorescent lights and bedroom lights. Request for bids was then advertised. Claimant was low bidder at $85,- *91 000.00, and, as O. V. Wright testified, “Well, of course, I had $3,000,00 to play with.”
Claimant was required to perform certain electrical work under the original contract, and during the progress of this work, Wright conferred with claimant’s president, Eugene Ferrell, concerning the' furnishing and installation of the fluorescent and bedroom lights which had earlier been deleted from the Request for Quotations. Mr. Ferrell agreed to furnish and install 58 fluorescent and 28 bedroom lights for the sum of $3,000.00. At that time, both gentlemen were aware that the wiring to the hall lights and bedroom lights would not pass inspection by the State Fire Marshal and that it would have to be removed and replaced by a better grade of wiring. At this point, we believe that a preponderance of the evidence clearly demonstrates that claimant agreed to perform this wiring in return for respondent’s deleting several items of work required under the terms of the original contract, namely, the requirement on the part of claimant to clean the copper pipe on the exterior of the building and the furnishing and installation of a new 100-ampere panel on the first floor with all necessary breakers to handle the load.
While there was testimony to the effect that the claimant attempted to clean the exterior copper on three occasions, it was generally conceded that this work was not, in fact, performed. Two witnesses, including a witness for claimant, testified that they would not undertake the work of cleaning the exterior copper for any figure less than $5,000.00, and implied that claimant had received a credit in that amount by being excused from the performance of this part of the original contract.
Instead of invoicing respondent for the agreed-upon amount of $3,000.00, the claimant is requesting an award of $6,367.00, which claimant contends- covers the cost of furnishing and installing the fluorescent and bedroom lights, the cost of the wire, and the labor for the installation of the same. Since claimant has, so to speak, received a $5,000.00 credit against the original contract, we believe that an award of the full amount requested would constitute unjust enrichment to claimant. We therefore limit the claimant’s award to $3,000.00.
(No. CC-77-130e)
*92 Claimant was contacted by O. V. Wright, Supervisor of Maintenance of respondent’s Anthony Center at Neola, West Virginia, and was requested to construct a roof on a dormitory at the Center. Wright assured the claimant that a purchase order for this work would be secured. The work was completed by claimant, and on March 23, 1977, respondent invoiced claimant for $11,475.00. The invoice has not been paid, primarily because the necessary purchase order was never authorized and issued. The respondent, in its Answer, admits that it ordered and received the work, but denies that the proper charge for such service is $11,475.00. Respondent alleges that the correct amount of the charge should be $7,000.00, which sum, it admits, is due and owing the claimant.
At the hearing, counsel for the parties advised the Court that claimant was willing to accept the sum of $7,000.00 in discharge and full satisfaction of its claim, and the Court therefore makes an award in favor of the claimant in the amount of $7,000.00.
To recapitulate, these claims are disposed of in the following manner:
CC-77-130a — Claim disallowed.
CC-77-130b — Award of $4,300.00.
CC-77-130c — Award of $2,630.00.
CC-77-130d — Award of $3,000.00.
CC-77-130e — Award of $7,000.00.